IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EDWARD JACKSON GLEATON,
JUSTIN ALAN MIXON,

    Plaintiffs,

v.                              Civ. Action No.    5:10-cv-447

KEN'S STEREO-VIDEO JUNCTION, INC.,
And MICHAEL JONES, individually,

    Defendants.

## COMPLAINT

COME NOW EDWARD JACKSON GLEATON and JUSTIN ALAN MIXON, Plaintiffs in this action, filing their Complaint against the Defendants, and respectfully show the following:

**1.**

Plaintiffs bring this action pursuant to Section 16(c) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§201, et seq., to recover unpaid minimum wage and overtime compensation, together with an equal amount as liquidated damages.

**2.**

This Court has jurisdiction of this action pursuant to 29 U.S.C.§216(b) and 28 U.S.C. § 1331, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) and (c).

**3.**

Plaintiff Gleaton is resident of Bibb County, Georgia.  At all times relevant to this Complaint, Plaintiff was employed by Defendants.

**4.**

Plaintiff Mixon is resident of Wilkinson County, Georgia.  At all times relevant to this Complaint, Plaintiff was employed by Defendants.

**5.**

Attached hereto are Plaintiffs' consents to become parties to this lawsuit, as required by 29 U.S.C.§216(b).

**6.**

Defendant KEN'S STEREO-VIDEO JUNCION, INC. ("Ken's") is a Georgia for profit corporation, whose principal place of business is 3695 Mercer University Drive, Macon, Bibb County, Georgia 31204-4905.  Defendant Ken's may be served with process through delivery of a copy of this Complaint and Summons to its registered agent for service of process, Mr. J Kenneth Jones, 3695 Mercer University Drive, Macon, Georgia 31204-4905.

**7.**

Defendant Michael Jones ("Defendant Jones") is an employee of Defendant Ken's and was Plaintiffs' immediate supervisor while Plaintiffs were employed at Ken's.  Defendant Jones at all times hereinafter mentioned acted directly or indirectly in the interest of the aforesaid corporation in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).  Defendant Jones may be served with process through delivery of a copy of this Complaint and Summons

at his place of work, Ken's Stereo-Video Warehouse, 3695 Mercer University Drive, Macon, Bibb County, Georgia 31204-4905.

### 8.

At all times hereinafter mentioned:

    A.    Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

    B.    Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and Defendant Ken's, having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

### 9.

Since November 15, 2007, Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such

employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

10.

Since at least November 15, 2007, Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

11.

Despite inquiries or complaints from employees about the payment of overtime, Defendants have taken the position that they do not pay overtime compensation to employees, and they have failed to make adequate inquiry into whether their conduct is in compliance with the Fair Labor Standards Act.

12.

Defendants willfully failed to pay Plaintiffs and other employees overtime wages, thereby entitling Plaintiffs to a three year statute of limitations on his overtime claim. 29 U.S.C. § 255(a). Defendants either knew that their conduct was prohibited by the Fair Labor Standards Act, or showed reckless disregard about whether it was.

13.

As a result of Defendants' willful violations of the FLSA, Plaintiffs have suffered damages by failure to receive overtime wages in accordance with 29 U.S.C. § 207, and they are entitled to recover their unpaid overtime compensation, plus an additional

4

equal amount as liquidated damages, their reasonable attorney's fees and the costs of this action.

WHEREFORE, Plaintiffs pray that:

(a) They be awarded his unpaid overtime compensation;

(b) They be awarded an equal amount in liquidated damages;

(c) They be awarded their reasonable attorney's fees and the costs of this action; and

(d) They be awarded such other and further relief as the Court deems proper.

**PLAINTIFFS DEMAND TRIAL BY JURY OF ALL ISSUES SO TRIABLE**.

Respectfully submitted this November 19, 2010.

**/s Charles E. Cox, Jr.**
Ga. Bar No. 192305
Post Office Box 67
Macon, Georgia 31202-0067
Telephone:  (478) 757-2990
Facsimile:  (478) 757-2991
E-mail:  cecoxjr@cbi.mgacoxmail.com

**/s Samuel G. Alderman, III**
Ga. Bar No. 008240
Post Office Box 783
Macon, Georgia 31202-0783
Telephone:   (478) 476-8998
Facsimile:   (413) 669-8537
E-mail:   sgaiii@bellsouth.net

**Attorneys for Plaintiffs**