IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **EDWARD JACKSON GLEATON, et al.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**KEN'S STEREO VIDEO JUNCTION, INC.,**<br><br>    **Defendants.** | **CASE NO. 5:10-CV-447 (MTT)** |

### JOINT MOTION TO APPROVE SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiffs Edward Jackson Gleaton and Justin Alan Mixon and Defendants Ken's Stereo Video Junction, Inc. and Michael Jones in connection with the parties' settlement in this case, hereby jointly request that this Court approve the parties' settlement and dismiss this matter with prejudice, showing as follows:

1.

On November 19, 2010, plaintiffs filed this action seeking unpaid overtime and liquidated damages. The complete factual allegations that Plaintiffs contend support their claims are set forth in their complaint. (Doc. 1). The disputed facts and primary legal issues to be resolved in this litigation are summarized below.

2.

Plaintiffs were formerly employed by Ken's as a Home Installation Manager (Gleaton) and an Installer (Mixon). They jointly brought this case under the Fair Labor Standards Act of 1938, 28 U.S.C. § 201, *et seq*. ("FLSA") claiming unpaid overtime compensation, liquidated damages, attorney's fees and litigation expenses. Plaintiffs allege that Ken's misclassified them as

exempt employees under the FLSA and thus failed to pay Plaintiffs for overtime hours that Plaintiffs claim they worked.

3.

Defendants deny Plaintiffs' claim in their entirety. Defendants contend that each of the Plaintiffs was properly classified as an exempt employee under the FLSA, 29 U.S.C. § 213(a)(1), specifically under the executive exemption, as well as other applicable laws and regulations. Defendants further deny that plaintiffs worked as many hours as they claimed and dispute what their "base pay" would be even if they were not exempt. Defendants contend that they have acted in good faith and dispute that Plaintiffs have been damaged in any way, even if found to be non-exempt.

4.

There are numerous unresolved legal issues that bear upon the claims and defenses asserted by the parties. Though formal discovery to date had been limited, both parties have engaged in extensive informal discovery. However, good faith disputes between the parties remain, including:

 (a) Whether Plaintiffs were misclassified under the FLSA and, if so, whether they are due additional compensation;

 (b) The precise number of hours that each Plaintiff worked each week during the relevant period;

 (c) The proper method by which to calculate unpaid wages due, if any;

 (d) The amount of liquidated damages, if any, to which Plaintiffs might be entitled;

 (e) The applicable FLSA limitations period; and

 (f) The amount of attorney's fees, if any, to which Plaintiffs are entitled.

If the parties cannot resolve the case by compromise, these issues would likely warrant further time-consuming efforts and the parties will face continued uncertainty concerning the scope and future resolution of this case.

5.

The parties engaged in arms length negotiations in which various settlement offers were exchanged. To settle the foregoing and all other outstanding issues, the parties have entered into Settlement Agreements and Releases which contain all of the material terms of the agreement between the parties. Each Plaintiff has entered into a separate Settlement Agreement and Release (collectively, the "Agreements") with Defendants that is identical in all respects except for the settlement payment and attorney's fees.

6.

In order to provide the Court with the opportunity to review the specific terms of the Agreements prior to the Courts confirmation and approval of the settlement, the parties submit the Agreements to the Court. (Attached)

7.

The parties and their counsel believe that the settlement of this case as reflected in the Agreements was reached by good faith, arms-length negotiations and constitutes a fair, adequate, and reasonable resolution of plaintiffs' FLSA claims, and that the settlement facilitates the purpose of the FLSA. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla., 2009) ("Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement ... Rarely will the Court be in a position to declare that such a settlement is "unreasonable."). The parties therefore ask the Court to approve the Agreements as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), principally for the following reasons:

(a) The settlement was reached by arms-length negotiations conducted in good faith, free of collusion;

(b) The settlement is solely as stated in the Agreements, and there is no "side deal" or other agreement between the parties or counsel;

(c) The likely complexity, expense, and duration of this litigation is substantial and adverse to the interests of the Plaintiffs and the Defendants;

(d) The parties have engaged in extensive informal discovery and investigation, including review and analysis of extensive documentation obtained from the Plaintiffs and other sources, and are fully satisfied that the documents and information available to them provide a sufficient basis together with extensive legal research for them to draw reliable conclusions regarding the strengths and weaknesses of the Plaintiffs' case for purposes of evaluating the benefits and risks of proceeding with litigation compared to the benefits of the instant settlement;

(e) The probability of Plaintiff's success on the merits is difficult to ascertain with reasonable certainty at this stage given that the Plaintiffs' claims for relief are strenuously disputed by the Defendants and will depend upon adjudication of various issues in litigation, many of which are complex and subject to different legal interpretations;

(f) The range of possible recovery is limited by the number of overtime hours worked each week by the Plaintiffs (which are disputed) within the applicable limitations period (which must be adjudicated), and will be further affected and potentially limited by adjudication of, among other things, Defendants' good faith, proper methodology for calculating back wages due based upon the particular facts of this case, and the application of FLSA exemptions.

(g) For the Plaintiffs, the settlement will enable them to immediately conclude this litigation, to obtain personal closure of outstanding issues with the Defendants, to obtain immediate and substantial compensation that they have expressed a desire and need to promptly obtain, and obviate meaningful, undesirable personal difficulties of litigation they will otherwise experience in the near future and continued time-consuming assistance to their counsel;

(h) For the Defendants, the settlement will allow them to immediately conclude this litigation without further expense or risks, including the risk of an adverse ruling on the executives exemption.

8.

The parties further agree that, upon the Court's approval of this motion and Plaintiffs' counsel's receipt of all settlement payments required by the Agreements, a joint dismissal with prejudice will be filed in this action.

WHEREFORE, the parties pray that the Court grant this motion, approve the settlement, and authorize the joint dismissal of this case with prejudice, as provided in the Agreements

This 17th day of January, 2012.

      /s/ Craig N. Cowart
**CRAIG N. COWART**
State Bar No. 191280
Attorney for Defendants

**CRAIG N. COWART, LLC**
Post Office Box 4364
Macon, Georgia  31208-4364
(478) 957-5000

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing *Joint Motion to Approve Settlement and for Dismissal With Prejudice* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

>Mr. Charles E. Cox, Jr.
>P. O. Box 67
>Macon, GA  31202
>
>Mr. Samuel G. Alderman, III
>P. O. Box 1605
>Macon, GA  31202-1605

and will mail a hard copy of the filing to:

>Ken's Stereo Video Junction, Inc.
>3695 Mercer University Drive
>Macon, GA  31204

This 17th day of January, 2012.

>/s/ Craig N. Cowart
>**CRAIG N. COWART**
>Georgia Bar No. 191280
>Attorney for Defendants