SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND RELEASE** is hereby made by and between Plaintiff EDWARD JACKSON GLEATON (hereinafter "MR. GLEATON" or "Plaintiff"), and Defendant KEN'S STEREO-VIDEO JUNTION, (hereinafter referred to as "Ken's") its owners, agents, directors, officers, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns and MICHAEL JONES, individually.

WITNESSETH:

**WHEREAS**, a dispute has arisen between Plaintiff and Defendants relating to Plaintiff's employment by Ken's;

**WHEREAS**, on November 19, 2010, Plaintiff filed a Complaint against Defendants in the United States District Court for the Middle District of Georgia entitled *Edward Jackson Gleaton and Justin Alan Mixon v. Ken's Stereo-Video Junction, Inc. and Michael Jones, individually,* Civil Action No. 5:10-CV-0047(MTT) (hereinafter "Complaint"), alleging violations of the Fair Labor Standards Act;

**WHEREAS**, Ken's and Michael Jones, individually deny any and all liability whatsoever to Plaintiff and makes no concessions as to the validity of the claims asserted in the Complaint;

**WHEREAS**, Plaintiff, and, Ken's and Michael Jones, individually desire to resolve fully and finally any and all claims and/or disputes arising from or relating to the Complaint, in an amicable manner without the difficulties and expenses involved in further litigation;

**NOW, THEREFORE,** in consideration of the premises and promises contained herein, and in an effort to buy peace, resolve disputed claims and to finally resolve issues between them, Plaintiff Ken's and Michael Jones, individually agree as follows:

1.  In consideration of the payment of Thirty Thousand Dollars ($30,000.00), payable from Ken's to EDWARD JACKSON GLEATON and Charles E. Cox, Jr., as follows:

    (A) $18,000.00 payable to EDWARD JACKSON GLEATON and Charles E. Cox, Jr., as back wages and attorneys fees, said payment to be made by certified funds within three calendar days of the approval of this settlement agreement by the United States District Court; and

    (B) Four payments of $3,000.00 each, payable to EDWARD JACKSON GLEATON and Charles E. Cox, Jr. on 30, 60, 90 and 120 days after the date this settlement agreement is approved by the United States District Court, which Plaintiff acknowledges represents a full and complete settlement of his claims under the Fair Labor Standards Act. Plaintiff does hereby fully and forever surrender, release, acquit and discharge Ken's, and its current and former directors, officers, officials, administrators, agents, attorneys, shareholders, employees, successors and assigns, personally and in their individual, corporate or official capacities, and any related entities, subsidiaries, divisions, parent, holding or affiliated companies, and its respective current and former directors, officers, administrators, agents, attorneys, shareholders, employees, successors and assigns,

personally and in their individual, corporate or official capacities, of and from any and all claims, charges, actions, causes of action, demands, rights, damages, debts, contracts, claims for costs or attorneys' fees, expenses, compensation, punitive damages, and all losses, demands and damages arising out of or under the Fair Labor Standards Act, whether known or unknown, arising on or before the effective date of this Agreement, including without limitation, those claims arising out of, under, or by reason of any and all claims which were or could have been asserted in the Complaint, or a related lawsuit. This release of rights is knowing and voluntary. Plaintiff also covenants and agrees to execute and file the Stipulation of Dismissal attached hereto as Exhibit A, dismissing the Complaint with prejudice, with each party to bear its own costs.

2. As further consideration for said payment and release, Plaintiff represents and warrants that he has not assigned or sold, or in any way disposed of his claims hereby released, or any part thereof, to anyone and that he will save and hold Ken's and Michael Jones, individually harmless of and from any claims, actions, causes of action, demands, rights, damages, costs and expenses, including reasonable attorneys' fees, arising from a complete or partial assignment of the claims hereby released.

3. It is hereby acknowledged that the parties intend the payment described in Paragraph 1 above to be in satisfaction of all claims for back pay, attorneys' fees, and costs. Plaintiff renounces any claim of entitlement, whether or not previously asserted, to any other type of damages or equitable relief, whether monetary or non-monetary that he sought or could have sought under the Fair Labor Standards Act, as amended.

4. Plaintiff, Ken's and Michael Jones, individually understand and agree that this Settlement Agreement and Release is the compromise of a disputed claim, and that the settlement is not to be construed as an admission of liability on the part of Ken's and Michael Jones, individually and that Ken's and Michael Jones, individually denies liability therefor and enters into said settlement merely to avoid further costs and litigation.

5. Plaintiff, Ken's and Michael Jones, individually covenant and agree that there are no collateral or outside agreements, promises or undertakings on the part of Plaintiff, Ken's or and Michael Jones, individually other than those herein expressly stated and specifically and clearly agreed.

6. Plaintiff covenants and agrees that he will keep the terms, amount, and facts of the agreement set forth in this Settlement Agreement and Release completely confidential, and that Plaintiff will not hereafter disclose any information concerning this Settlement Agreement and Release to any person other than his parents, immediate family members, attorneys, accountants, tax advisors, and fellow Plaintiffs in this action. If asked about the lawsuit, he may state only that the matter was resolved by mutual agreement, the terms of which are confidential.

7 This Settlement Agreement and Release shall be binding upon Plaintiff and his heirs, administrators, executors, successors and assigns, and shall inure to the benefit of Ken's and its administrators, successors and assigns, and any related entities, and any other subsidiaries, divisions, parent, holding or affiliated companies, corporations, and their respective directors, administrators, successors and assigns and Michael Jones, individually.

8.  This Settlement Agreement and Release is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced and governed under the laws of said state.

9.  Should any provision of this Settlement Agreement and Release be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement and Release.

10. As used in this Settlement Agreement and Release, the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

11. This Settlement Agreement and Release sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof. This Settlement Agreement and Release may not be modified except in writing signed by all parties.

This _13_ day of January 2012.

**FOR PLAINTIFF:**

_____
EDWARD JACKSON GLEATON
Plaintiff

_____
CHARLES E. COX, JR.
Attorney for Plaintiff

**FOR DEFENDANT:**

Ken's Stereo-Video Junction, Inc.

By: _____
J. Kenneth Jones, Sr.
CEO, Ken's Stereo-Video Junction, Inc.

Michael Jones

By: _____
Michael Jones

_____
Craig N. Cowart
Attorney for Defendants